IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

       -vs-                                     Case No. 05-212
                                             Judge Ricardo M. Urbina

SIMON P. KARERI

## MOTION FOR REVOCATION OF
## DETENTION ORDER

      The defendant, Simon Kareri, by counsel, moves this court pursuant to Title 18, United States Code, Section 3145(b), to revoke the detention order entered in this case on May 31, 2005 by United States Magistrate Judge Kay. The defendant asks for an evidentiary hearing, see *United States v. Karni*, 298 F. Supp. 2d 129 (D. D. C., 2004), at the earliest date convenient to the court and consistent with counsel's calendar.

      Mr. Kareri is charged in two criminal complaints with various acts of bank fraud, wire fraud, money laundering, and in addition, the sale of land which the government was seeking to forfeit, an alleged violation of Title 18 U.S.C. Section 2232. At a hearing before the United States Magistrate Judge, and in support of its request that Mr. Kareri be detained pre-trial without bond, the United States asserted that Mr. Kareri was a flight risk primarily because of his alleged act of selling property worth $1 million dollars which the government was seeking to forfeit and against which the government had initiated a civil forfeiture action in this court. The government presented evidence that the money from that sale had been wired to an account in Luxembourg. The government made no claim that Mr. Kareri was an actual danger to any person or to the community at large other than the claim that committing crimes qualified as a danger.

The Magistrate Judge granted the government's request, largely, if not completely, upon the hearsay testimony of an FBI agent that an employee of the title company which handled the sale of the property claimed to have had a discussion with Mr. Kareri in which Kareri said that he needed the sales proceeds quickly because he was moving out of the country and purchasing a home in Luxembourg.

On Mr. Kareri's behalf, the following facts were established:

1.  Mr. Kareri is 42 years of age, married, with two young children living at a home which he owns in suburban Maryland.

2. He has no criminal record.

3. Until fired last year, he had been a vice president at Riggs Bank for ten years.

4. He, his wife and his children are all United States citizens.

5. Mr. Kareri's brother and sister testified, both establishing that Mr. Kareri has many relatives in the suburban Maryland area, that they have very frequent contact with him, that the family is a close one, that he has discussed with them over the past year that he was under investigation and might be indicted, that he has never expressed any intention to flee, nor have they ever seen any indication that he would flee. They also testified that Mr. Kareri would never abandon his children and is committed to ensuring that they get an education in the United States.

6. A search of the Kareri's home after his arrest yielded no evidence of any planned flight.

7. Mr. Kareri voluntarily turned his passport over to the United States Attorney at least six months ago.

      8. Mr. Kareri recently brought a third child here from Africa to live in the family home. The child had significant medical problems due to an accident in Africa. He helped obtain medical treatment here for that child and has adopted her.

      9. Counsel proffered to the court the testimony of other witnesses who were present in the courtroom, including other siblings and friends, to the same effect. There were approximately seven or eight such people at the detention hearing.

      10. The FBI agent testifying for the government acknowledged that in her work on the case and in her discussions with other agents, no evidence had come to light that Mr. Kareri had ever been violent, or had ever threatened anyone, or had ever possessed a firearm.

      11. Most important, counsel presented the court with the proffer of Federal Public Defender Tony Axam, who had been appointed to represent Mr. Kareri, that he had listened to a telephone conversation between his investigator and the person identified by the government as the title company employee who allegedly told the government of Mr. Kareri's statement that he needed the money quickly so that he could leave the country. According to attorney Axam, the employee denied that Mr. Kareri ever said that he intended to leave the country. The government did not challenge Mr. Axam's statement.

      In finding that no combination of factors available under the Bail Reform Act would reasonably assure the presence of Mr. Kareri at trial, the Magistrate Judge relied heavily on the government's description of the title clerk's statement, ignoring the contrary evidence presented by the defense.

      Counsel request the court to conduct a *de novo* review of the matter of pre-trial detention and submit, based upon the evidence already adduced and such new matters as

may be brought to the court's attention, that Mr. Kareri's appearance in court as required can reasonably be assured if he is released on conditions, including home detention and electronic monitoring.

                                                    Respectfully Submitted,
                                                    SIMON P. KARERI
                                                    By Counsel

Counsel for Mr. Kareri:

_____
Jonathan Shapiro
Law Office of Jonathan Shapiro, P.C.
910 King Street
Alexandria, Virginia   22314
(703) 684-1700
Appearing Pro Hac Vice

_____
Christopher G. Hoge
D.C. Bar #203257
Crowley, Hoge and Fein, P.C.
1710 Rhode Island Avenue, N.W.
Suite 700
Washington, D.C.   20036
(202) 483-2900
Local Counsel for Mr. Kareri

Certificate of Service

    I hereby certify that a true copy of the foregoing Motion For Revocation of Detention Order was hand delivered this __ day of June, 2005, to Steven Durham, Assistant United States Attorney.

_____
Jonathan Shapiro

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

    -vs-                                      Case No. 05-212
                                                      Judge; Ricardo M. Urbina

SIMON P. KARERI

O R D E R

Upon motion of the defendant Simon Kareri, by counsel, pursuant to Title 18, U.S.C. Section 3145(b), seeking to revoke the order of pre-trial detention entered in this case by the United States Magistrate Judge on May 31, 2005, and deeming is just and proper to do so, it is hereby ORDERED, that Mr. Kareri be released, to return to court from time to time as directed by the court, and that he be subject to the conditions of release specified in this court's standard release order entered this day.

                                                       _____
                                                       UNITED STATES DISTRICT JUDGE

                                                       Entered: _____