IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

       -vs-                    Case No. 05-212
                                    Judge Ricardo M. Urbina

SIMON P. KARERI

## MOTION FOR EXTENSION OF TIME
## IN WHICH TO FILE NOTICE OF APPEAL
## CONCERNING PRE-TRIAL RELEASE

The defendant, Simon Kareri, by counsel, moves this court pursuant to Rule 4(b)(4),

*Federal Rules of Appellate Procedure*, to extend the time in which to file a Notice of Appeal

from the denial of pre-trial release in this case, and to accept the attached Notice of Appeal.

Rule 4(b)(4) states that "Upon a finding of excusable neglect or good cause, the district

court may – before or after the time has expired, with or without motion and notice – extend the

time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time

otherwise prescribed by this Rule 4(b)." The time normally allowed to file a notice of appeal in a

criminal case is ten days from the entry on the docket of the final order appealed from. Rule

4(b)(1)(A).[1]

Mr. Kareri's Motion to Revoke Detention Order was heard and denied by this court on

June 16, 2005. The order appears to have been entered on the docket on June 17th. Pursuant to

Rule 26, *Federal Rules of Appellate Procedure*, all intermediate Saturdays, Sundays and legal

holidays are excluded when the filing period is less than 11 days. There were four weekend days

and one holiday during this time period which are excludable. The deadline for noting an appeal

was therefore July 1, 2005, and the deadline has been exceeded by one court day.

---

[1] See Rule 4(b)(6), *Federal Rules of Appellate Procedure* (order is entered when it is entered on
the criminal docket).

Good cause exists to extend the time period here. Mr. Kareri has decided to pursue an appeal of the bond decision in part because of continuing problems at the D.C. Jail concerning his medical condition. It was hoped that the Magistrate Judge's order dated June 10, 2005 would settle the difficulties he has had at the jail concerning receipt of medication and proper housing. Instead, as reported by Mr. Kareri, who suffers from ulcerative colitis and who must take 18 pills each day at specified times, he is given several days worth of medication and must guess when to take it. He does not have access to a clock, nor is he told by staff when it is time to take the medication. In addition, there have been times when his supply of medication has run out and new medication is not provided for several days. Staff has informed Mr. Kareri that he will not be transferred to the Correctional Treatment Facility. With the passage of time and given these continuing difficulties, Mr. Kareri has decided to appeal the bond issue.

In addition, it has become evident that counsel's ability to prepare Mr. Kareri's case is hindered by his presence at the jail. Communication is difficult. Mr. Kareri has very restricted access to the telephone. It is very burdensome for counsel to travel to the jail. Counsel needs Mr. Kareri's help in contacting witnesses. A number of witnesses are overseas. Further, the United States has informed counsel that there are numerous boxes of discovery which will require counsel's review with the aid of Mr. Kareri, something that will be extremely difficult, if not impossible, to do at the jail.

Finally, lead counsel, whose responsibility it was, miscomputed the deadline for filing the notice of appeal.

The issue of bond pending trial is one which is often reconsidered by the courts after initial denial. Counsel does not ask the court here to do that, but in light of the liberality with which bond issues are considered, it is submitted that the running of the ten day appeal time

should not be a bar to consideration of this matter by the Court of Appeals. Motions such as the present one have been judged by the flexible and lenient analysis developed in *Pioneer Inv. Servs. Co. v. Brunswick Assos. Ltd. Partnership*, 507 U.S. 380, 395 (1993). See, for example, *Advanced Estimating Sys., Inc. v. Rinet*, 77 F.3d 1322, 1324 (11th Cir. 1996), applying that standard to civil cases and noting that other courts had applied *Pioneer* to criminal cases as well. *Pioneer* held that courts should "take account of all relevant circumstances surrounding the party's omission . . . [including] the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." "Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *Advanced Estimating Sys., Inc., supra,* 77 F.3d at 1325. Here, the delay is minor, there is no prejudice to the nonmovant, and there is no impact on the functioning of the judicial system. Mr. Kareri has acted in good faith, and his reason is substantial.

Counsel for Defendant has contacted AUSA Steven Durham to determine if he will consent to this Motion and has been advised that Mr. Durham does not so consent.

For the above reasons, Defendant asks this court to enter the attached order extending the time in which to note an appeal, and to accept the Notice of Appeal attached hereto.

Respectfully Submitted,
SIMON P. KARERI
By Counsel

Counsel for Mr. Kareri:


_____
Jonathan Shapiro
Law Office of Jonathan Shapiro, P.C.
910 King Street
Alexandria, Virginia   22314
(703) 684-1700
Appearing Pro Hac Vice




_____
Christopher G. Hoge
D.C. Bar #203257
Crowley, Hoge and Fein, P.C.
1710 Rhode Island Avenue, N.W.
Suite 700
Washington, D.C.   20036
(202) 483-2900
Local Counsel for Mr. Kareri


## Certificate of Service

I hereby certify that a true copy of the foregoing Motion To Extend Time was mailed, first class postage prepaid, this 5th day of July, 2005, to Steven Durham, Esq., Assistant United States Attorney, 555 4th Street, N.W., Washington, D.C. 20001.


_____
Jonathan Shapiro

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

      -vs-               Case No. 05-212
                           Judge Ricardo M. Urbina

SIMON P. KARERI

NOTICE OF APPEAL

      Please take notice that the defendant, Simon Kareri, hereby appeals to the United

States Court of Appeals for the District of Columbia from the order of this court dated June 16, 2005

denying his Motion to Revoke Detention Order.

                         Respectfully Submitted,
                         SIMON P. KARERI
                         By Counsel

Counsel for Mr. Kareri:

_____

Jonathan Shapiro
Law Office of Jonathan Shapiro, P.C.
910 King Street
Alexandria, Virginia   22314
(703) 684-1700
Appearing Pro Hac Vice

_____

Christopher G. Hoge
D.C. Bar #203257
Crowley, Hoge and Fein, P.C.
1710 Rhode Island Avenue, N.W.
Suite 700
Washington, D.C.   20036
(202) 483-2900
Local Counsel for Mr. Kareri

<u>Certificate of Service</u>

      I hereby certify that a true copy of the foregoing Notice of Appeal was mailed, first class postage prepaid, this __ day of July, 2005, to Steven Durham, Assistant United States Attorney, 555 4th Street, N.W., Washington, D.C. 20001.


_____

Jonathan Shapiro

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

      -vs-                         Case No. 05-212
                                      Judge; Ricardo M. Urbina

SIMON P. KARERI

## O R D E R

Upon motion of the defendant Simon Kareri, by counsel, pursuant to Rule 4(b), Federal Rules of Appellate Procedure, and deeming it just and proper to do so, it is hereby ORDERED, that Mr. Kareri be granted an extension of time in which to file his Notice of Appeal from the denial of his Motion To Revoke Detention Order. The clerk is directed to accept the Notice of Appeal tendered with his current Motion as timely filed.


_____
UNITED STATES DISTRICT JUDGE


Entered: _____