IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

    -vs-        Case No. CR-05-212-01-RMU
                                            Judge Ricardo M. Urbina

SIMON P. KARERI

## MOTION TO RECONSIDER
## ORDER OF DETENTION

The defendant, Simon Kareri, by counsel, moves this court to reconsider its prior order that the defendant be detained prior to trial and sentencing.

In May, 2005, United States Magistrate Judge Kay ordered that the defendant be detained pending trial. Mr. Kareri appealed that order to this court. After hearing evidence and proffers, the court ordered that the defendant should be remain detained. The defendant filed an appeal of that order to the United States Court of Appeals, but voluntarily withdrew it once a plea agreement was reached.

Since that time, the defendant has been confined in the D.C. Jail a period of approximately 11 months. On August 8th, 2005, he and his wife entered guilty pleas and both cases were continued for status hearings.

As outlined by the United States in its status report, the defendant has cooperated fully with the United States since that time. He has had a number of debriefing sessions with the United States and has provided other information from time-to-time through counsel. The United States is completely satisfied that his cooperation has been truthful and complete.

We believe the events since his arrest and plea show that Mr. Kareri is completely invested in his obligation to help the United States and to face sentencing in this court in

the best position he can. He has no incentive to flee and every incentive to stay. And there is no reason to believe he will not do as directed by the Court. As we established previously:

1. Mr. Kareri is 43 years of age, married, with two young children living at a home which he owns in suburban Maryland.

2. He has no criminal record.

3. Until fired in the months prior to his arrest, he had been a vice president at Riggs Bank for ten years.

4. He, his wife and his children are all United States citizens.

5. Mr. Kareri's brother and sister testified, both establishing that Mr. Kareri has many relatives in the suburban Maryland area, that they have very frequent contact with him, that the family is a close one, that he has discussed with them over the past year that he was under investigation and might be indicted, that he has never expressed any intention to flee, nor have they ever seen any indication that he would flee. They also testified that Mr. Kareri would never abandon his children and is committed to ensuring that they get an education in the United States.

6. A search of the Kareri's home after his arrest yielded no evidence of any planned flight.

7. Mr. Kareri voluntarily turned his passport over to the United States Attorney six months before he was arrested.

It is Mr. Kareri's wish that he be allowed to return home pending sentencing. There are many family obligations and household affairs which have not been fulfilled as a result of his incarceration. His wife has been struggling to care for the couple's children

on very little income. We believe, given the defendant's cooperation and the government's belief that he is no longer a flight risk, that it is not unreasonable to allow his return home at this time with appropriate conditions which might include home detention with time out during the day to seek employment and to fulfill family obligations, electronic monitoring, and periodic reporting.

                                        Respectfully Submitted,
                                        SIMON P. KARERI
                                        By Counsel

Counsel for Mr. Kareri:

Jonathan Shapiro
Law Office of Jonathan Shapiro, P.C.
910 King Street
Alexandria, Virginia  22314
(703) 684-1700
Appearing Pro Hac Vice


Christopher G. Hoge
D.C. Bar #203257
Crowley, Hoge and Fein, P.C.
1710 Rhode Island Avenue, N.W.
Suite 700
Washington, D.C.  20036
(202) 483-2900
Local Counsel for Mr. Kareri

## Certificate of Service

I hereby certify that a true copy of the foregoing Motion To Reconsider Order Of Detention was e-mailed this 6th day of March, 2006, to Steven Durham, Assistant United States Attorney.

_____
Jonathan Shapiro