AO 245B  (Rev. 06/05) (Rev. DC 12/15/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## for the District of Columbia

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | **FILED** |
| #1: SIMON P. KARERI | Case Number: 05-0212-01 |
| | USM Number: 28132-016 |
| | JONATHAN SHAPIRO, ESQUIRE |
| | Defendant's Attorney |

NOV 27 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1 through 6, 13 through 18, 20, and 24 of the indictment filed in this case on June 3, 2005

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 371 and 2 | Conspiracy, Aiding and Abetting, Causing an Act to be Done | 1/2000 - 5/2004 | 1 and 20 |
| 18 U.S.C. 1344 and 2 | Bank Fraud, Causing an Act to be Done, Aiding and Abetting | 9/6/00 - 11/28/03 | 2 through 6 |
| | (Continued on page #2) | | |

The defendant is sentenced as provided in pages 2 through __12__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  7, 8, 9, 10, 11, 12, 19, 21, 22, 23, 25, 26, and 27  is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 16, 2006
Date of Imposition of Judgment

_signature_
Signature of Judge

Ricardo M. Urbina                    U.S. District Court Judge
Name of Judge                        Title of Judge

Nov. 27 2006
Date

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 1A

Judgment—Page 2 of 12

DEFENDANT: #1: SIMON P. KARERI
CASE NUMBER: 05-0212-01

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 1957 and 2 | Money Laundering, Aiding and Abetting, Causing an Act to be Done | 7/5/10 - 1/13/04 | 13 through 18 |
| 18 U.S.C. 2232(b) | Taking Action for the Purpose of Impairing or Defeating a Court's In Rem Jurisdiction Over Property | 7/9/05 | 24 |

DEFENDANT: #1: SIMON P. KARERI
CASE NUMBER: 05-0212-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Eighteen (18) months on each of counts 1 through 6, 13 through 18, 20, and 24, all to run concurrently. The defendant is to serve nine (9) months in a community correction facility to be designated by the Bureau of Prisons. The defendant is to be given credit for the nine (9) months he has already served.

☑ The court makes the following recommendations to the Bureau of Prisons:

That the sentence be served in a community correction facility to be designated by the Bureau of Prisons.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☑ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
         Sheet 3 — Supervised Release

Judgment—Page __4__ of __12__

DEFENDANT: #1: SIMON P. KARERI
CASE NUMBER: 05-0212-01

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Four (4) years with conditions on each of count 1 through 6, 13 through 18, 20, and 24, all to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [x] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [ ] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 06/03) Judgment in a Criminal Case
Sheet 3C — Supervised Release
Case 1:05-cr-00212-RMU   Document 86   Filed 11/27/2006   Page 5 of 13

Judgment—Page  5  of  12

DEFENDANT: #1: SIMON P. KARERI
CASE NUMBER: 05-0212-01

# SPECIAL CONDITIONS OF SUPERVISION

1. Special Assessment - The defendant shall pay the following special assessment fees: Count 1 - 100.00; Count 2 - $100.00; Count 3 - $100.00; Count 4 - $100.00; Count 5 - $100.00; Count 6 - $100.00; Count 13 - $100.00; Count 14 - $100.00; Count 15 - $100.00; Count 16 - $100.00; Count 17 - $100.00; Count 18 - $100.00; Count 20 - $100.00, and Count 14 - $100.00, for a total of $1,400.00.

2. Change of Address - Within 30 days of any change of address, the defendant shall notify the Clerk of the Court for the U. S. District Court, District of Columbia, of the change until such time as the financial obligation is paid in full.

3. Restitution - The defendant shall pay restitution in the amount of $631,021.24, jointly and severally with Ndeye Nene Fall Kareri. The imposition of restitution on all other counts is waived. Payment of the restitution is due immediately. The Court waives the payment of interest that may accrue on the restitution amount. Restitution payments shall be made to the Clerk of the Court for the U. S. District Court, District of Columbia, for disbursement to the victims as follows: Embassy of the Republic of Benin ($224,000.00) 2124 Kalorama Road, N. W., Washington, D. C. 20008 and Internal Revenue Service ($407,021.24) Attention: MPU, Stop 151 (Restitution), P.O. Box 47-421, Doraville, Georgia 30362.

4. DNA Sample Requirement - Pursuant to 42 USC section 14135a, for all felony offenses, the defendant shall submit to the collection and use of DNA identification information while incarcerated in the Bureau of Prisons, or at the direction of the U. S. Probation Office.

5. Employment Restriction - The defendant shall be restricted from engaging in employment, consulting, or association in any position affording direct, unmonitored access to negotiables and finances for the duration of his supervision.

6. Financial Disclosure - The defendant shall provide the Probation Office with his income tax return, authorization for release of credit information, and any other business or financial information in which he has control or interest.

7. The defendant shall cooperate and arrange with the Internal Revenue Service to pay all past and present taxes, interest, and penalties owed. He shall file timely, accurate, and lawful income tax returns and shoe proof of same to the Probation Office.

8. Home Detention with Electronic Monitoring - The defendant shall serve nine (9) months of Home Detention with Electronic Monitoring, to commence 30 days of being placed on Supervised Release. The Court waives the cost of electronic monitoring. During the electronic monitoring period, the defendant shall remain at his place of residence, except for employment or other activities approved in advance by the probation officer. The defendant shall permit the probation officer to contact the employer while participating in the electronic monitoring program. The defendant shall maintain a telephone at his place of residence without any special features, modem, answering machines, or cordless telephones during the term of electronic monitoring. The defendant shall wear an electronic device and shall observe the rules specified by the probation officer. He shall not leave the judicial district to which he is released during the term of electronic monitoring.

THE COURT FINDS that the defendant does not have the ability to pay a fine and, therefore, waives imposition of a fine in this case

THE COURT FINDS that the provision of submission of periodic drug tests, as required under 18 USC § 3563(a) and 3583(b), is suspended, as the defendant is believed to pose a low risk of future substance abuse

The Probation Office shall release the pre-sentence investigation report to all appropriate agencies in order to execute the sentence of the Court. Treatment agencies shall return the pre-sentence report to the Probation Office upon the defendant's completion or termination for treatment.

DEFENDANT: #1: SIMON P. KARERI
CASE NUMBER: 05-0212-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 1,400.00 | $ None | $ 631,021.24 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Embassy of the Republic of Benin | $224,000.00 | $224,000.00 | |
| Internal Revenue Service | $407,021.24 | $407,021.24 | |
| | | | |
| | | | |
| | | | |
| | | | |
| TOTALS | $ 631,021.24 | $ 631,021.24 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the    ☐ fine    ☑ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows: Jointly and severally with Ndeye Nene Fall Kareri.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: #1: SIMON P. KARERI
CASE NUMBER: 05-0212-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☒ Lump sum payment of $ __1,400.00__ due immediately, balance due

☐ not later than _____ , or
☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

The 1,400.00 special assessment fee is due immediately and shall be paid to the Clerk of the Court for the U. S. District Court, District of Columbia. The restitution amount of $631,021.24 shall be due immediately. The Court waives the payment of interest that may accrue on the restitution amount.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

$224,000.00 to Embassy of the Republic of Benin, 2124 Kalorama Road, N.W., Washington, D. C. 20008
$407,021.24 to Internal Revenue Service, Attention: MPU, Stop 151 (Restitution), P. O. Box 47-421, Doraville Georgia, 30362

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

(SEE THE ATTACHED CONSENT ORDER OF FORFEITURE)

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: #1: SIMON P. KARERI
CASE NUMBER: 05-0212-01

Judgment—Page 8 of 12

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, If appropriate |
|---|---|---|---|
| Simon P. Kareri and Ndeye Nene Fall Kareri | $631,021.24 | $631,021.24 | Embassy of the Republic of Benin ($224,000.00) and Internal Revenue Service ($407,021.24) (total 631,021.24) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 05-212-01, 02 (RMU) |
| : | |
| SIMON P. KARERI & : | **FILED** |
| NDEYE NENE FALL KARERI, : | |
| : | NOV 1 6 2006 |
| Defendants. : | |
| : | NANCY MAYER WHITTINGTON, CLERK |
| | U.S. DISTRICT COURT |

## CONSENT ORDER OF FORFEITURE

WHEREAS, written plea agreements were filed with this Court and signed by defendants SIMON P. KARERI and his counsel, Jonathan Shapiro, Esquire, and NDEYE NENE FALL KARERI and her counsel, Nina Ginsberg, Esquire, in which both defendants agreed to plead guilty to felony violations, including Conspiracy to Commit Bank and Wire Fraud, in violation of Title 18, United States Code, Sections 371 and 1343 and 1344;

WHEREAS, the Indictment also alleged the forfeiture of certain property, which property is subject to forfeiture, pursuant to Title18, United States Code, Section 982(a)(2), as property constituting or derived from proceeds obtained from the commission of the offenses set forth above;

WHEREAS, the defendants have expressly agreed and consented to the entry of an Order of Forfeiture in the form of a money judgment, under Fed. R. Crim. P. 32.2(b)(2), which concerns property subject to forfeiture, pursuant to Title18, United States Code, Sections 982(a)(2), as property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of the commission of Conspiracy to Commit Bank and Wire Fraud; and

WHEREAS, this Court has determined, based on the evidence set forth during the

defendants' guilty pleas, that the "Subject Property" is subject to forfeiture pursuant to Title 18, United States Code, Sections 982(a)(2) and that the Government has established the requisite nexus between such property and violations of Title 18, United States Code, Sections 371 and 1341 and 1344;

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That the following property is declared forfeited to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2):

> Money Judgement:
>
> $631,021.24, which represents a sum of money equal to an amount of money that constitutes, or is derived from, proceeds obtained, directly or indirectly, as the result of Conspiracy to Commit Bank and Wire Fraud, in violation of 18 U.S.C. §§ 371 and 1344 and 1343.

2. In order to satisfy the above-described money judgment, the Clerk of the Court shall pay over to the United States Marshals Service $631,021.24 of the funds on deposit with the Court that are currently held in the registry of the Court.[1]

3. The United States may publish notice of the Order and its intent to dispose of the Subject Property in such a manner as the Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property. No such notice is required to the extent that this

---

[1] These monies are designated for forfeiture in civil case 04-1525, a civil forfeiture action presently pending before this Court. It is understood that this Order does not govern the disposition of any remaining assets at issue in civil case 04-1525. The parties remain free to take whatever litigation positions they feel are justified with respect to the remaining funds that are designated for forfeiture.

2

Order consists solely of a money judgment against the defendant. Rule 32.2(c)(1). Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the Preliminary Order of Forfeiture, pursuant to 18 U.S.C. § 2253.

4. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

5. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

6. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 18 U.S.C. § 2253 for the filing of third party petitions.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e), and the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $631,021.24 to satisfy the money judgment, in whole or in part;

9. The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney William Cowden, Chief, Asset Forfeiture Section, United States Attorney's Office, 555 Fourth Street, NW, Washington, D.C. 20530.

Dated this ____16____ day of November, 2006.

_____
RICARDO M. URBINA
United States District Judge

WE ASK FOR THIS:

JEFFREY A. TAYLOR. (DC Bar. No. 498610)
UNITED STATES ATTORNEY

By: _____
STEVEN J. DURHAM
Assistant United States Attorney
Fraud & Public Corruption Section
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-8316

_____          _____
SIMON P. KARERI                                              JONATHAN SHAPIRO, ESQUIRE
Defendant                                                          Counsel for Defendant Simon Kareri

_____          _____
NDEYE NENE FALL KARERI                              NINA GINSBERG, ESQUIRE
Defendant                                                          Counsel for Defendant Fall Kareri

5