UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

      -vs-                            CASE No. CR-05-212-01
                                      JUDGE: Ricardo M. Urbina

SIMON P. KARERI,

          Defendant.

## EMERGENCY MOTION TO POSTPONE REPORTING DATE
## AND TO CLARIFY OR MODIFY JUDGMENT ORDER

      The defendant, Simon Kareri, by counsel, hereby requests the Court to enter the attached Order postponing any report date which may issue from the Bureau of Prisons, and, to clarify or modify the Court's Judgment Order.

      On November 27, 2006, after considering lengthy argument, the defendant's sentencing position papers, and letters from friends and relatives, as well as the motion of the United States for a departure due to the defendant's substantial assistance, the Court sentenced the defendant to 18 months incarceration in a community correction facility, with a special condition of supervision that he serve nine months of home detention with electronic monitoring upon his release. He was given credit against his incarceration time for the approximately nine months he spent in jail pending his plea and sentencing. The "Judgment  In A Criminal Case" records the term of imprisonment as follows:

                  The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of: Eighteen (18) months on each of Counts 1 through 6, 13 through 18, 20, and 24, all to run concurrently. The defendant is to serve nine (9) months in a community correction facility to be designated by the

Bureau of Prisons. The defendant is to be given credit for
the nine (9) months he has already served.

The court makes the following recommendation to
the Bureau of Prisons: That the sentence be served in a
community correction facility to be designated by the
Bureau of Prisons.

Counsel does not have a copy of the sentencing transcript, but it is counsel's
recollection that the Court fashioned this sentence only after consultation with the
probation officer. It is counsel's belief that the Court intended that the defendant serve
any additional time away from home in the least punitive circumstances possible,
concluding that a half-way house was appropriate.

As the Court knows, by letter dated December 20, 2006, Rebecca Tamez, Chief of
the Designation and Sentence Computation Center of the Bureau of Prisons informed the
Court that it would not honor the Court's "recommendation" that the defendant be
incarcerated in a half-way house. Instead, the BOP has designated the Schuylkill facility
at Minersville, Pennsylvania, a Level 1 facility, as Mr. Kareri's place of confinement.

It may be that the Bureau of Prisons will not place a defendant such as Mr. Kareri
into a half-way house immediately as a matter of policy. However, to the extent the BOP
has read the Court's sentencing order as merely a recommendation, it appears to counsel
that it was wrong. The Court *ordered* that the defendant serve his time in a half-way
house. The Court's further recommendation appears to intend that the Bureau select a
half-way house of its own choosing.

At bottom, the Court is in the best position to know what it intended. If the
wording of the Court's Judgment order defeats what the court intended, then the court
should act to make clear what it did intend. To the extent the Court needs a different

mechanism to effectuate that intent, it can place Mr. Kareri on probation, a special condition of which can be nine months incarceration in a community confinement facility, with a further special condition being home confinement with electronic monitoring for a period of nine months. Under the statute governing conditions of probation, Title 18 U.S.C. §3563, the court is specifically empowered to direct that a defendant reside in a community correction facility. §3563(b) states, in part:

> The court may provide . . . that the defendant . . .
>
> (11) reside at, or participate in the program of, a community corrections facility (including a facility maintained or under contract to the Bureau of Prisons) for all or part of the term of probation;

Granting probation in a case like this has been approved by a number of courts. The leading case appears to be *United States v. Daiagi*, 892 F.2d 31 (4th Cir. 1989). There, the defendant pleaded guilty to a conspiracy to possess and distribute cocaine. The government moved for a downward departure based upon substantial assistance. The district court departed, and sentenced the defendant to a 24 month term of incarceration, though the defendant had argued for a probationary sentence. The defendant appealed the sentence, arguing, among other things, that the district court erred in ruling that it lacked the power to impose a sentence of probation. That ruling was based upon the district court's belief that probation was not available under the terms of Title 18, U.S.C. § 3561(a)(1), which prohibits probation for Class A or Class B felonies, such as Daiagi's.

The Fourth Circuit reversed the district court and remanded for a re-sentencing, holding that the government's motion for a downward departure freed the court from the constraints of §3561:

> [Section 3553(e), the statute allowing courts to sentence below the mandatory minimum on motion of the government] was intended to free the sentencing judge to exercise, on motion of the Government, a prudent discretion by disregarding, where there has been substantial assistance by the defendant, both the affirmative mandate to impose a minimum prison sentence and the negative mandate of Section 3561(a)(1) not to grant probation to a Class A or Class B offender. Under this reconciliation of the two statutes, the ban on probation in sentencing Class A and Class B cases is maintained save in the rare case where assistance of the defendant has been sufficiently substantial that the Government determines to move the sentencing court to impose a sentence below the statute's minimum or without the prohibition on a probationary sentence. [footnote omitted]. We according conclude that the district judge could have granted probation in this case. [footnote omitted] Such conclusion conforms to the rule of lenity, which holds that penal statutes are to be strictly construed against the Government and in favor of the defendant. [Citations omitted].

892 F.2d at 33.

*Daiagi* has been followed a number of times. See *United States v. Willis*, 327 F. Supp. 2d 954, 957 (ED Wis. 2004) (probation granted, a term of which was home confinement for six months, for bank robbery, despite fact that it was a Class B felony, because of the government's motion for a downward departure) ("Although §3553(e) is usually applied to avoid mandatory minimum sentences, it also applies to the statutory prohibition on probation."); *United States v. Fowlkes*, 183 F.Supp. 2d 1136 (ED Ark. 2002) (probation granted, with special condition of one day imprisonment and home detention, in a mail fraud case, despite §3561(a)(1), because of government's motion for a downward departure). Compare these with *United States v. Roth*, 32 F.3d 437 (9th Cir. 1994) (holding that the *Daiagi* logic does not apply where the statute of conviction specifically disallows probation).

Here, none of the statues for which Mr. Kareri was convicted bans probation. And, the government has moved for a downward departure based upon the defendant's substantial assistance. Therefore, the way seems clear for the court to give effect to its intent that the defendant reside in a community corrections facility for nine months, by modifying the sentence if necessary, or making clear that the sentence was to be one of probation. In the alternative, the Court could declare that its sentencing Order means what it says and could direct the BOP to comply.

Mr. Kareri has not yet been ordered to report to a BOP facility, but, given Ms. Tamez' letter of December 20th, a report date seems immanent. Counsel asks the Court to enter the attached Order, staying any report date and either modifying the sentencing order in this case or granting the defendant a hearing at which time he may present further argument as to why such action is proper and appropriate.

Counsel has spoken to the Assistant United States Attorney who has stated that he believes the position of the BOP is correct and should not be disturbed.


Respectfully Submitted
SIMON KARERI
By Counsel

Counsel for the Defendant:


*/s/Jonathan Shapiro*_____
Jonathan Shapiro
Law Office of Jonathan Shapiro, P.C.
910 King Street
Alexandria, Virginia   22314
(703) 684-1700
Admitted Pro Hac Vice



*/s/Christopher G. Hoge*_____
Christopher G. Hoge
DCB # 203257
Crowley, Hoge and Fein, P.C.
1710 Rhode Island Avenue, N.W.
Suite 700
Washington, D.C.   20036
(202) 483-2900

Local Counsel


<u>Certificate of Service</u>

        I hereby certify that a true copy of the foregoing motion was mailed this 4th day of January, 2007, and faxed, to Steven Durham, Assistant United States Attorney, 555 4th Street, N.W., Washington, D.C., 20530.


                                        _____
                                        Jonathan Shapiro