UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| | : | |
| **v.** | : | Criminal No. 05-212-01 (RMU) |
| | : | |
| | : | |
| **SIMON P. KARERI,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO POSTPONE REPORTING DATE AND TO CLARIFY OR MODIFY JUDGMENT ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, opposes defendant Kareri's motion to postpone his reporting date and to clarify or modify the Court's judgment and commitment order in this case. Defendant's motion – presumably filed pursuant to Fed. R. Crim. P. 35(a)[1] – fails for several independent reasons.

First, defendant's Rule 35(a) motion is not timely filed and the Court therefore lacks jurisdiction to entertain it. Rule 35(a) states:

Rule 35. Correcting or Reducing a Sentence

---

[1] Defendant's motion never refers to any procedural authority but the relief he seeks – modification of his sentence to a sentence of probation (Def. Mem. at 2-5) – is clearly a Rule 35(a) motion to correct what he perceives to be an error in the sentence. Defendant's motion is most certainly not a habeas corpus petition because he does not challenge the propriety (much less the constitutionality) of any Bureau of Prisons policy regarding placement of prisoners. Nor does defendant challenge any other aspect of the legality of his sentence as presently set forth in the judgment and commitment order. The government is unable to discern any other theory of post-sentencing relief and the time within which to note a direct appeal of the court's sentence has long since passed.

      (a) Correcting Clear Error.  Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

It is well established that this 7-day requirement is strictly jurisdictional.  <u>United States v. Diaz-Clark</u>, 292 F.3d 1310, 1317 (11th Cir.2002) (explaining that the seven-day limitation of Rule 35(a) is a jurisdictional restriction); <u>United States v. Shank</u>, 395 F.3d 466, 470 (4th Cir. 2005) (and cases cited therein).

Here, the Court orally pronounced sentence on November 16, 2006.[2]  Defendant did not file his Rule 35 motion until January 4, 2007, well beyond the seven day jurisdictional limit set forth by Rule 35(a).  Defendant's motion must therefore be denied because the Court lacks jurisdiction to decide it.

<u>Second</u>, even if defendant's Rule 35 motion were timely filed, there is still no basis for the relief he now seeks, <u>i.e.</u>, reducing his 18 month sentence to a sentence of *probation* with special conditions.  The Committee Notes to Rule 35(a) state:

> The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a).  The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence.  Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.  Furthermore, the Committee did not intend that the rule relax any requirement that the parties state all objections to a sentence at or before the sentencing hearing.

---

[2] For purposes of Rule 35, "sentence is imposed upon a criminal defendant . . . when the [district] court orally pronounces sentence from the bench."  <u>United States v. Green</u>, 405 F.3d 1180, 1185 (10th Cir. 2005).

Committee Notes

There is nothing ambiguous or erroneous about the Court's sentence or its intent in imposing that sentence of 18 months in the custody of the U.S. Bureau of Prisons. The parties well understood at sentencing that the Court's *recommendation* to the Bureau of Prisons that he be placed in a community correction facility was exactly that: a non binding recommendation pursuant to the authority vested in the court on this issue.[3] Indeed, it is well established that the Bureau of Prisons has complete and absolute discretion in determining placement of inmates once a period of custody is imposed by the sentencing court. See, e.g., Pugliese v. Nelson, 617 F.2d 916, 923–25 (2d Cir. 1980); United States v. Laughlin, 933 F.2d 786 (9th Cir. 1991); United States v. Jalili, 925 F.2d 889 (6th Cir. 1991). Courts have long recognized that the authority to incarcerate, classify, and transfer federal prisoners falls within the broad discretion of the BOP, and a court lacks the authority to order that a prisoner be confined in any particular institution. "[T]hose decisions are within the sole discretion of the Bureau of Prisons." United States v. Williams, 65 F.3d 301, 307 (2d Cir. 1995); see also United States v. Restropo, 999 F.2d 640, 645 (2d Cir. 1993) ("The Bureau is given a great deal of flexibility with the respect to the assignment of any prisoner to a correctional facility."); Leibowitz v. United States, 729 F. Supp. 556, 561 (E.D. Mich. 1989) ("The Bureau of Prisons enjoys almost absolute discretion over assignment, transfer, and conditions of confinement."), aff'd, 914 F.2d 256 (6th Cir. 1990).

---

[3] The government does not, at this time, have a transcript of the November 16, 2006, sentencing hearing but the Court's recognition that community correction facility placement was a recommendation (as opposed to a Court ordered directive) is confirmed by the Court's judgment and commitment order which sets forth on page 3: "The court makes the following recommendation to the Bureau of Prisons: That the sentence be served in a community correction facility to be designated by the Bureau of Prisons."

As set forth in the government's sentencing pleadings, a sentence of 18 months in prison is eminently reasonable for the multitude of serious crimes defendant committed here, crimes which evinced an appalling contempt for his longtime employer Riggs Bank, its clientele, the banking industry as a whole, the United States tax administration, and the authority of this Court's *in rem* jurisdiction over seized assets. Indeed, a sentence of 18 months in custody represents a significant reduction below what the parties agreed to in the plea agreement. The Court recognized in imposing custody that this is clearly not a situation where a sentence of probation is at all appropriate. The Court should decline any invitation to second guess its sound judicial judgment.

Defendant's motion should be denied.

    Respectfully submitted,

    JEFFREY A. TAYLOR
    UNITED STATES ATTORNEY
    D.C. BAR # 498610

By: _____
    STEVEN J. DURHAM
    ASSISTANT UNITED STATES ATTORNEY
    555 Fourth Street, N.W.
    Room 5253
    Washington, D.C. 20530
    (202) 514-8316