UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

      -vs-　　　　　　　　　　　　　　CASE No. CR-05-212-01
　　　　　　　　　　　　　　　　　　　　　JUDGE: Ricardo M. Urbina

SIMON P. KARERI,

        Defendant.

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO
EMERGENCY MOTION TO POSTPONE REPORTING DATE
AND TO CLARIFY OR MODIFY JUDGMENT ORDER

     First, the defendant wishes to make the Court aware that Mr. Kareri has now received direction from the United States Probation Office that he is to report to FCI Schuykill on Wednesday, January 17, 2007. The January 4, 2007 letter from Probation to that effect is attached to this pleading.

     That said, the government argues chiefly that the Court has no power to modify or clarify its sentencing Order even if that order does not reflect the court's intention. Of course, if the sentencing Order does reflect the court's intention, no more need be said. However, if the BOP's decision to place Mr. Kareri in an FCI does not accomplish what the court intended, then surely there must be a mechanism to correct that injustice. The law cannot be so rigid and inflexible as to frustrate a court's considered judgment because of the phrasing of a sentencing order, resulting in unintended hardship to a defendant. It is hard to think of a better example of elevating form over substance.

     Assuming that the court's intent has been frustrated, there are two issues. The first (and putting aside our suggestion that the court has the power to order confinement

1

in a half-way house as a term of probation), is whether the court can ever direct that a defendant with an 18 month sentence (nine months after credit for time served) be housed in a half-way house. There has been much litigation concerning the BOP's policies relating to assignments to half-way houses. See, for example, *Choudhury v. Morrison*, 2006 U.S. Dist. LEXIS 17106 (D Minn.) (Mayeron, MJ), adopted and writ of habeas corpus granted, 2006 U.S. Dist. LEXIS 17108, and *United States v. Paige*, 369 F. Supp. 2d 1257 (D Mont., 2005), both reviewing the history of the issue. As noted in *Choudhury*, federal law gives the BOP the authority to determine where federal prisoners should be confined. Title 18 U.S.C. § 3621(b) provides that "The Bureau shall designate the place of the prisoner's imprisonment [etc.]." BOP has now decided that "federal law prohibited offenders from being assigned directly to half-way houses, even though that practice has been used for many years, in many cases, with the approval of U.S. Attorneys, the BOP, and the federal judiciary." 2006 U.S. Dist. LEXIS at *8.

The genesis of that position was apparently the BOP's conclusion that the term "place of imprisonment" in § 3621(b) could not include a half-way house. *Paige*, 369 F. Supp. 2d at 1261. As explained by the *Paige* court:

> The [BOP] policy change was based in large part on the Office of Legal Counsel's determination that a CCC [half-way house] is not a "place . . . of imprisonment" as required by the first sentence of § 3621(b). This determination was in turn based upon language contained in § 5C1.1 of the United States Sentencing Guidelines, interpreted by courts to exclude CCC's as a "place of imprisonment." It is possible that the Supreme Court's recent case holding mandatory application of the Sentencing Guidelines unconstitutional might vitiate the underlying basis for the policy and rule change.

So, to the extent a court does not order "imprisonment", it can, consistent with the BOP's interpretation of the law, direct that a defendant be sent to a half-way house.

The sentencing order in Kareri's case may be considered ambiguous, however, because the "Judgment in a Criminal Case" form used by the court provides the standard language "imprisoned," but where the form allows the Court to set forth the specifics of the sentence, it directs that Kareri is to "serve" nine (9) months in a community correction facility. To the extent the court's order in Kareri's case is ambiguous because of the words "imprisonment" and "serve," Federal Rule of Criminal Procedure 36 provides a remedy. Rule 36 states:

> After given any notice it considers appropriate, the court may at any time correct a clerical error in a judgment order, or other part of the record, or correct an error in the record arising from oversight or omission.

Rule 36 is broad enough to accomplish the clarification needed here (if indeed counsel has correctly interpreted the court's intent). See, for example, *United States v. Tramp*, 30 F.3d 1035, 1037 (8th Cir. 1994) ("An authorized correction, pursuant to Rule 36, may clarify a sentence, unclear in written form, that is clear when the record is examined as a whole."); *United States v. Kammerud*, 1993 U.S. App. LEXIS 7673 (unpublished) ("Rule 36 offers possible relief to a defendant alleging clerical error in the form of either typographical errors, internal ambiguities, or inconsistencies with the expressed intent of the judge."); *United States v. McAfee*, 832 F.2d 944, 946 (5th Cir. 1987) (pursuant to Rule 36, sentencing court corrected written judgment to reflect its original, unstated, but discernable intent that sentences were consecutive); *United States v. Crecelius*, 751 F.

Supp. 1035 (D RI 1990) ("failure to accurately reflect the clearly expressed intent of the sentencing court").[1]

In conclusion, the court had the authority to order that Mr. Kareri reside at a halfway house, even without Kareri first being "incarcerated." The Court is free under Rule 36 to make its intent explicit if necessary.

Finally, the defendant wishes to point out the Judgment Order directs that the defendant is to be given credit "for the nine (9) months he has already served." Judgment Order at p. 3. Counsel has been advised by the defendant that in fact he served approximately nine and a half months in pre-sentence custody. Counsel fully expects the BOP to credit this entire time to him under the terms of Title 18 U.S.C. § 3585(b). To the extent the Court believes it is able to clarify this it may avoid confusion at a later date.

---

[1] See also *United States v. Solomon,* 468 F. 2d 848 (7th Cir. 1972) ("We reject the contention of the appellant that a district court is so severely limited in correcting or clarifying a sentence that is internally contradictory and that fails to express its intent."). *Solomon* was decided under Fed. R. Crim. P. 35, a different version of which was in effect at the time.

4

                                        Respectfully Submitted
                                        SIMON KARERI
                                        By Counsel

Counsel for the Defendant:

*/s/Jonathan Shapiro*_____
Jonathan Shapiro
Law Office of Jonathan Shapiro, P.C.
910 King Street
Alexandria, Virginia   22314
(703) 684-1700
Admitted Pro Hac Vice

*/s/Christopher G. Hoge*_____
Christopher G. Hoge
DCB # 203257
Crowley, Hoge and Fein, P.C.
1710 Rhode Island Avenue, N.W.
Suite 700
Washington, D.C.   20036
(202) 483-2900

Local Counsel

## Certificate of Service

     I hereby certify that a true copy of the foregoing motion was faxed this 8th day of January, 2007, and faxed, to Steven Durham, Assistant United States Attorney, 555 4th Street, N.W., Washington, D.C., 20530.

                                          */s/Jonathan Shapiro*_____
                                          Jonathan Shapiro