UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.: 05-212 (RMU) |
| | : | |
| SIMON KARERI, | : | Document No.: 91 |
| | : | |
| Defendant. | : | |

FILED
JAN - 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM ORDER

### DENYING THE DEFENDANT'S MOTION TO POSTPONE REPORTING DATE

On November 16, 2006, the court sentenced the defendant to imprisonment for a period of 18 months. Judgment (Nov. 27, 2006). The court indicated that the defendant was to receive credit for the nine months he served during the pendency of this case. *Id.* Furthermore, the "court ma[de] the following recommendation to the Bureau of Prisons: That the sentence be served in a community correction facility to be designated by the Bureau of Prisons." *Id.* at 3.

By letter dated December 20, 2006, the Federal Bureau of Prisons notified the court that it is unable to follow the court's placement recommendation. Letter (Dec. 20, 2006). According to the letter, "Bureau of Prisons policy precludes the direct placement of offenders in a [Residential Reentry Center]." *Id.*

On January 4, 2007, the defendant filed a motion to postpone the date for reporting to the custody of the Bureau of Prisons and for the court to clarify its judgment. Def.'s Mot. As defendant's counsel recollects from sentencing, "the Court intended that the defendant serve any additional time away from home in the least punitive circumstances possible[.]" *Id.* at 2.

Under Federal Rule of Criminal Procedure 35(a), the court may, "within 7 days after sentencing, correct a sentence that resulted from arithmetical, technical, or other clear error."

FED. R. CRIM. P. 35(a). Because the court sentenced the defendant more than 7 days ago, the court is without jurisdiction to modify the defendant's sentence. *See United States v. Shank*, 395 F.3d 466, 470 (4th Cir. 2005) (explaining that the court's jurisdiction to act under Rule 35(a) lapses after 7 days).

Furthermore, assuming the court had jurisdiction to modify the judgment, or take other corrective action as urged by the defendant, it would nevertheless decline to do so. The court, in imposing the sentence, recognized that the Bureau of Prisons has the ultimate authority to designate the defendant's correctional placement. *See* Judgment (noting that the court makes a community correctional facility *recommendation* to the Bureau of Prisons). And, though the court indicated its preference that the Bureau of Prisons assign the defendant to a community correction facility, Judgment at 3, placement decisions "are within the sole discretion of the Bureau of Prisons." *United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995).

For these reasons, it is hereby this 9th day of January, 2007,

**ORDERED** that the defendant's motion to postpone reporting is **DENIED**.

**SO ORDERED.**

                                                 /s/ Ricardo M. Urbina
                                                 Ricardo M. Urbina
                                                 United States District Judge